NO. 07-02-0204-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

OCTOBER 16, 2002

_____

KEVIN DAAWN DARNES

Appellant

v.

THE STATE OF TEXAS,

Appellee

_____

FROM THE 108TH DISTRICT COURT OF POTTER COUNTY;

NO. 43,144-E; HON. ABE LOPEZ, PRESIDING

_____

***ABATEMENT AND REMAND***

_____

Before QUINN and REAVIS, JJ., and BOYD, SJ.[1]

Kevin DaAwn Darnes (appellant) appeals his conviction for capitol murder. The clerk's record was filed on June 24, 2002, and the court reporter's records were filed on July 12, 2002. Thus, appellant's brief was due on August 12, 2002. However, one was not filed on that date. On August 12, 2002, appellant's counsel, Kent Birdsong, filed a motion to extend the time to file appellant's brief, which was granted, extending the time to file said

---

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. TEX. GOV'T CODE ANN. §75.002(a)(1) (Vernon Supp. 2002).

brief to September 11, 2002. On September 11, 2002, attorney Birdsong filed a second motion to extend time to file appellant's brief. The court granted the extension motion to October 4, 2002, with the admonition that failure to comply with this deadline would result in abatement of the appeal pursuant to TEX. R. APP. P. 38.8. October 4, 2002, passed without any response by counsel to our notice, without counsel tendering a brief, and without counsel filing a motion for extension of time to file a brief.

Consequently, we abate this appeal and remand the cause to the 108th District Court of Potter County (trial court) for further proceedings. Upon remand, the trial court shall immediately cause notice of a hearing to be given and, thereafter, conduct a hearing to determine the following:

1.    whether appellant desires to prosecute the appeal;

2.    whether appellant is indigent; and,

3.    whether appellant has been denied the effective assistance of counsel due to counsel's failure to timely file a brief. *See Evitts v. Lucey*, 469 U.S. 387, 394, 105 S. Ct. 830, 834-35, 83 L. Ed. 2d 821, 828 (1985) (holding that an indigent defendant is entitled to the effective assistance of counsel on the first appeal as of right and that counsel must be available to assist in preparing and submitting an appellate brief).

We further direct the trial court to issue findings of fact and conclusions of law addressing the foregoing subjects. Should the trial court find that appellant desires to pursue this appeal, is indigent, and was denied effective assistance of counsel, then we further direct the court to appoint new counsel to assist in the prosecution of the appeal. The name, address, phone number, telefax number, and state bar number of the new counsel who will represent appellant on appeal must also be included in the court's findings

2

of fact and conclusions of law. Furthermore, the trial court shall also cause to be developed: 1) a supplemental clerk's record containing the findings of fact and conclusions of law and 2) a reporter's record transcribing the evidence and argument presented at the aforementioned hearing. Additionally, the trial court shall cause the supplemental clerk's record to be filed with the clerk of this court on or before November 18, 2002. Should additional time be needed to perform these tasks, the trial court may request same on or before November 18, 2002.

It is so ordered.

Per Curiam

Do not publish.